■ In the Matter of C. E. H. McDONNELL, as Trustee in Reorganization of EQUITABLE PLAN COMPANY, Respondent, v. EDWARD G. FRAWLEY, Judgment Debtor, and JOHN L. KEMMERER, JR., as Surviving Executor of MAHLON S. KEMMERER, Deceased, Appellant.— Orders, entered August 6, 1963 and September 10, 1964, unanimously modified on the law to remand the proceeding for a hearing before the same Trial Justice to determine if the decedent's misconduct constituting the contempt caused loss or injury to the judgment

creditor and to afford the judgment creditor full opportunity to prove its damages by reason of such misconduct. As so modified the orders are affirmed, with $30 costs and disbursements to abide the event. If the misconduct be proved but no actual loss or injury be shown, the fine imposed cannot exceed the judgment creditor's costs and expenses and $250 in addition (Judiciary Law, § 773). The third-party subpœna, issued August 23, 1960, served pursuant to section 781 of the Civil Practice Act forbade decedent to pay over or transfer any money or property in his possession belonging to Frawley, the judgment debtor, or to make payment of any existing indebtedness to the judgment debtor. The restraining order which decedent was accused of violating was entered December 27, 1960, and specifically forbade payment of moneys by decedent with respect to profit and capital of the syndicate of which both decedent and Frawley were members. It is undisputed that decedent did send moneys to Frawley subsequent to the service of the subpœna and the issuance of the order. It is not clear that the sending of such moneys was in violation of the subpœna and order. The surreptitious method utilized in at least two instances permits, but does not compel, an inference of wrongdoing. If it can be shown by the judgment creditor that decedent's misconduct constituting the contempt caused actual loss to the judgment creditor then a fine must be imposed, but only sufficient to indemnify the judgment creditor (Judiciary Law, § 773; *Matter of First Nat. Bank of Glens Falls* v. *Reoux*, 9 A D 2d 1005). In the absence of proof of actual loss or damage by reason of such misconduct the fine imposed cannot exceed the judgment creditor's costs and expenses of the motion to punish for contempt (*Riedel Glass Works* v. *Kurtz & Co.*, 260 App. Div. 163, affd. 287 N. Y. 636) plus $250 (*Bennett Bros.* v. *Floyd Bennett Farmers Market Corp.*, 16 A D 2d 897; *Levine* v. *97 Realty Corp.*, 21 A D 2d 655). The appellant, executor of the decedent third party, claims, as did the decedent, that the moneys sent were moneys of the decedent and merely increased decedent's interest in the diamond enterprise. The judgment creditor contends, of course, the moneys sent violated the order and were not for the purpose asserted. Before punishment can be determined or imposed under section 773 of the Judiciary Law a hearing is mandated unless it so clearly appears that its provisions have been violated, and the extent of such violation, unless there is no room for reasonable doubt or dispute. Such is not the case before us, nor, in fact, is the contrary clearly evident. Decedent was entitled to but not afforded a hearing on that issue. In fairness to all parties a hearing should be ordered. Accordingly, the matter is remanded, as indicated, without costs to either party. Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.