■ WILLIAM A. NARDONE, Doing Business as COMMERCIAL FLOORING CONTRACTORS, Appellant, v. LONG ISLAND TRUST COMPANY, Respondent.— In a proceeding to recover damages as the result of the violation by defendant of a restraining notice served upon it pursuant to CPLR 5222, petitioner appeals from (1) an order of the Supreme Court, Nassau County, dated March 15, 1972, and (2) a judgment of said court entered March 29, 1972, both of which denied his motion for summary judgment and granted respondent's motion for summary judgment dismissing the petition. Order and judgment reversed, on the law; petitioner's motion for summary judgment granted; respondent's cross motion for summary judgment denied; and matter remanded to the Special Term for an assessment of damages in accordance herewith, with $10 costs and disbursements. After obtaining a money judgment upon an inquest, petitioner's attorney, as an officer of the court, served a restraining notice upon respondent bank pursuant to CPLR 5222. Shortly thereafter the judgment debtor moved to open its default and obtained an ex parte order to show cause staying petitioner from enforcing his judgment pending a hearing on the motion. Respondent was not named in that order; nor was it required that it be served. Nevertheless, respondent, having "received" a copy of the order, elected to permit the judgment debtor to write checks on the account (which, three days after service of the restraining order, contained sufficient funds to satisfy the judgment), with the result that at the time the Sheriff served an execution upon the bank the account was overdrawn. In our opinion the stay contained in the ex parte order did not serve to suspend the effectiveness of the restraining notice. It merely prohibited petitioner from gaining actual possession of the judgment debtor's funds. Were the rule otherwise, any judgment debtor could obtain such an order, without notice to the court that a restraining notice had been served, or to the judgment creditor, and recover his property theretofore properly made the subject of the restraining notice. Petitioner properly proceeded by way of a petition (*Mazzuka* v. *Bank of North Amer.*, 53 Misc 2d 1053; see, also, *Matter of Sumitomo Shoji New York* v. *Chemical Bank*, 47 Misc 2d 741, affd. 25 A D 2d 499; 1967 Supplementary Practice Commentary on CPLR 5222 by Prof. David D. Siegel in McKinney's Cons. Laws of N. Y., Book 7B). A hearing is required to fix petitioner's damages, i.e., the amount of the judgment remaining unsatisfied, but limited to the amount in the account which would have been available to satisfy the judgment (some portion of the amounts on deposit in the account may have represented trust funds or otherwise may not have been the property of the judgment debtor), and costs (see CPLR 5227). Rabin, P. J., Hopkins, Martuscello, Shapiro and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JONES, Appellant.— Order of the Supreme Court, Queens County, dated November 21, 1968, affirmed. (See *People* v. *De Vine*, 35 A D 2d 913.) Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT MASI, Appellant.— Judgment of the Supreme Court, Westchester County, rendered March 3, 1972, affirmed. No opinion. A certificate will be issued herewith remitting the case to the Supreme Court, Westchester County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd. 5). Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.