■ FRIENDLY ICE CREAM CORPORATION, Respondent-Appellant, v GREAT EASTERN MALL, INC., Appellant-Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to plaintiff. Memorandum: Both parties appeal from Special Term's order which denied defendant's motion to dismiss the proceeding and referred the matter to the trial part of the court for a trial of the issues. Plaintiff operates a restaurant which sells among other products ice cream cones. The business is located in a shopping plaza owned by defendant. Defendant attempted to enforce its regulation prohibiting consumption of food on the common-mall area. In a prior proceeding, on May 10, 1974 plaintiff obtained a permanent injunction which restrained the enforcement of defendant's regulation as it related to purchases of ice cream cones in plaintiff's store, but did not affect defendant's right to enforce its regulation against persons consuming food other than ice cream cones. Thereafter, on June 28, 1974 plaintiff commenced a contempt proceeding which was dismissed without prejudice to plaintiff to institute a contempt proceeding on new papers. By order to show cause, dated August 15, 1974, plaintiff instituted a second contempt proceeding upon new papers, and Special Term ordered a trial of the factual issues. Neither party has to date filed a note of issue or taken steps to try the matter. The present proceeding was instituted on May 27, 1975 seeking to punish defendant for failure to comply with the injunction. In support of its application plaintiff submitted affidavits of various persons which amply support its claim that agents of defendant have violated the provisions of the injunction. The prior pending contempt proceeding does not require dismissal of the subsequent contempt proceeding under CPLR 3211 (subd [a], par 4), and Special Term so held. Defendant's reliance on *Spingler v Spingler* (243 App Div 639) is misplaced. In that separation action both proceedings were based on the same conduct by the contemnor. In the instant case the second proceeding is based upon acts by defendant's agents occurring after the first proceeding, and plaintiff has shown by independent affidavits that defendant's security guards enforced the illegal ice cream cone regulation against plaintiff's patrons on at least four occasions from February 18, 1975 through April 14, 1975. Defendant failed to rebut or effectively deny any of the substantive allegations made in plaintiff's moving papers, nor did it allege any excuse for the conduct. The primary purpose of the instant civil contempt proceeding is to compel compliance with the final judgment, the permanent injunction previously granted (CPLR 5104). The focus of the proceeding is whether the contemnor has disobeyed "a lawful mandate of the court" (Judiciary Law, § 753, subd A, pars 1, 8). The only remedy requested and permissible is imposition of a maximum fine of $250 (Judiciary Law, § 773). Defendant should be held in contempt and ordered to pay $250 to the plaintiff (Judiciary Law, §§ 770, 773; *Ross v Thousand Is. Park Assn.,* 203 App Div 499). (Appeals from order

of Monroe Supreme Court on motion to punish for contempt.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.