OPINION OF THE COURT
Harry Edelstein, J.
Plaintiff Medi-Physics, Inc., moves for an order extending the period of a restraining order served upon Citi-Bank N.A. on September 20, 1979. Defendant’s trustee in bank *575 ruptcy has submitted an affidavit in opposition to plaintiff’s motion.
Pursuant to CPLR 5222, leave of court is required to serve more than one restraining notice upon Citi-Bank thereby extending the period of restraint. In order to obtain an order of the court extending such restraint, the judgment creditor must satisfy the court as to the necessity of the extension. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR, C5222:7.) Plaintiff requests the additional time in order to get an order of the bankruptcy court directing the bank to turn over the funds to plaintiff.
The trustee’s opposition to the extension is based upon three points. First, that the restraining notice is a preference which is voidable under section 547 of title 11 of the United States Code. Second, that the bankruptcy court proceeding acts as an automatic stay pursuant to section 362 of title 11 of the United States Code and finally, that jurisdiction over the subject property, namely, the Citi-Bank funds, lies with the bankruptcy court.
As to the trustee’s first objection, the court finds that the restraining notice creates no preference thereby obviating the necessity for applying section 547 of title 11 of the United States Code.
A restraining notice operates as an injunction. It merely restrains the party upon which it is served from making any transfer of the judgment debtor’s property in its possession. A restraining notice gives the creditor no lien on the judgment debtor’s property and “no special priority in a race with other judgment creditors”. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR, C5222:8.)
Likewise, the stay provisions of section 362 of the Bankruptcy Code has no effect upon the restraining notice. A stay has the effect of suspending enforcement and may prevent the judgment creditor from coming into possession of the funds. A stay has no effect on a restraining notice which merely acts as an injunction. (Nardone v Long Is. Trust Co., 40 AD2d 697.)
*576 The next question is whether or not this court is precluded from exercising jurisdiction over the funds in question. Any State laws on this subject will be suspended to the extent of actual conflict with Federal bankruptcy law. The power of Congress under the United States Constitution (art I, § 8, cl 4) to establish uniform laws on the subject of bankruptcy is paramount and excludes States from enforcing laws which interfere with this title. (Title Co. v Wilcox Bldg. Corp., 302 US 120.) However, laws which are not designed to effect the distribution of the debtor’s assets among the creditors are not insolvency laws in conflict with the Federal bankruptcy code. (Ex parte Crawford, 154 F 769.) Since a restraining notice has no effect on the distribution of the insolvent funds, it is not a law in conflict with Federal bankruptcy code and as such, this court is not precluded from granting plaintiff the relief herein requested.
Although the court is rejecting each argument raised by the trustee in opposition to plaintiff’s motion, the court still declines to grant plaintiff’s motion.
Pursuant to CPLR 5222, this court may only grant plaintiff’s motion upon a showing, that there is some necessity for the relief. Plaintiff has failed to allege that they are secured creditors. Therefore, any attempt at enforcement will be futile. Furthermore, it is this court’s opinion that subdivision (3) of section 521 of title 11 of the United States Code provides plaintiff with the same protection that a restraining notice would provide. The bankruptcy codes requires that the debtor surrender to the trustee all property of the estate thereby precluding any disposition of the assets.
For the above stated reason, the relief herein requested by plaintiff is denied.