■ JACK KORMAN et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Rader, J.), dated December 12, 1980, which granted a motion by the defendant City of New York to change venue from Kings County to New York County. Appeal dismissed, without costs or disbursements, and without prejudice to plaintiffs' moving (if they be so advised) to vacate the order or to resettle the order upon evidence that it was in fact opposed. The order appealed from states

that the motion to change venue was made on an "oral application" and that "no opposition * * * [was] made thereon". Although plaintiffs' brief states that the order was "never consented to" and that plaintiffs did not stipulate to a change of venue, there is nothing in the record to show that the motion was opposed. Damiani, J. P., Lazer and Mangano, JJ., concur.

Gibbons, J., dissents and votes to reverse the order and deny a change of venue, with the following memorandum: The majority states that there is nothing in the record to show that, in fact, there was any opposition to the motion to change venue from Kings County to New York County. Plaintiffs contend: (1) that it was error to direct a change of venue 14 months after service of an answer; (2) that the defendant city failed to comply with CPLR 511; (3) that it was error to direct a change of venue on an oral motion; and (4) that they never consented to a change of venue. It is not disputed that for a period of 14 months after the service of an answer by the City of New York, no motion was made for a change of venue. Clearly, there was a failure to comply with the time requirement of CPLR 511. Further, *there is nothing in the record on appeal to indicate that any motion to change venue was ever made* except an unsigned form designated "Pre-Calendar Order" and an order dated December 12, 1980 based on that unsigned form. There is no stipulation by the attorneys consenting to a change of venue nor are there any motion papers included for the court's perusal on this appeal. Part 752 of the Rules of the Supreme Court, Kings County (Civil Actions and Proceedings) (22 NYCRR Part 752) provides that CPLR 2103 and 2214 shall apply to motions of the type allegedly made in this case. Not only did the city fail to comply with CPLR 511, it also failed to comply with the applicable rules of the Supreme Court, Kings County, the pretrial rules of the Appellate Division, Second Department, as well as with CPLR 2103 and 2214. Further, there is nothing in the record to indicate any waiver on plaintiffs' part of any such compliance nor any stipulation on the record or in writing, as required by CPLR 2104, to justify granting efficacy to the unsigned "Pre-Calendar Order" (see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Since there is nothing on record to substantiate the alleged motion, it seems unreasonable to impose the burden of proof upon the party adversely affected. The CPLR and the rules of the various courts are designed to avoid just the sort of off-the-record determination as was made in this case. There should not be imposed upon the plaintiffs the obligation of vacating or resettling an order which, in the first instance, should not have been made, inasmuch as there is nothing in the record to indicate that a motion was properly made by the party asserting the right to relief in accordance with the respective provisions of the CPLR and the rules of the Supreme Court, Kings County, and of this court. By imposing this obligation on the plaintiffs, we are according efficacy to an unsigned form designated as a "Pre-Calendar Order" and to an order based on that unsigned form. The burden seems to be imposed upon the wrong parties whose only connection, on the record, with such alleged motion is that they appeared at a pretrial conference.