■ QUANTUM HEATING SERVICES INCORPORATED, Respondent, v LEON AUSTERN et al., Appellants, et al., Defendant. — Appeal by defendants Leon Austern and Jonathan Austern from an order of the Supreme Court, Westchester County (Wood, J.), dated June 16, 1983, which granted an application to adjudge them in civil contempt, fined each of them $250 plus $10 costs with leave to purge by installment payments of $26 per week, and authorized, in the event of a default, a further application for a warrant of commitment. ¶ Order reversed, on the law, with costs to plaintiff, and matter remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith. ¶ Plaintiff obtained a judgment against the defendants in the Supreme Court, Westchester County, which remains unsatisfied. Accordingly, plaintiff served informational subpoenas on the appellants pursuant to CPLR 5224 by certified mail, return receipt requested. Appellants' answers were patently evasive consisting of a series of "NA" or "unknown" responses. For example, an "unknown" response was given for amount of income received for the past two years and "NA" (not applicable) responses were tendered to the questions of whether the appellants had "sold, conveyed or assigned" any real property within the past two years and "[h]ow do you pay for your living expenses?" ¶ Thereupon, plaintiff sought to punish appellants for contempt, serving the motion papers upon the individual defendants as well as their attorney by ordinary mail. The addresses utilized were the same as those to which the informational subpoenas were sent. Each of the appellants submitted answering papers in which he claimed that he had "not been served with any papers that concern this motion", that personal service was necessary, that his answers were accurate and that plaintiff was harassing him. ¶ Special Term adjudicated appellants in contempt, and, as to each appellant, imposed a $250 fine and assessed $10 costs, with leave to purge by installment payments. We reverse and remit for further proceedings. ¶ At the outset, we note that there is no merit in appellants' contention that personal service of the motion papers was required. Since they were parties in the underlying action service by mail was sufficient (*New York Higher Educ. Assistance Corp. v Cooper,* 65 AD2d 906; cf. *Long Is. Trust Co. v Rosenberg,* 82 AD2d 591, 598; *Continental Bank v Moscatiello,* 115 Misc 2d 617). ¶ Nor do appellants' assertions concerning a lack of receipt of the papers warrant a hearing. An affidavit of service, though omitted from the record certified by appellants' attorney, is now

conceded by him to have been filed but he now argues that appellants did not receive the motion papers because of a change in their addresses. The argument, however, was not raised at Special Term and there is nothing in the opposing papers or responses to the informational subpoenas which suggests changes of address. Consequently, the mere denial of receipt is insufficient to rebut the presumption of delivery (*Engel v Lichterman,* 95 AD2d 536, 545; *De Forte v Doctors Hosp.,* 66 AD2d 792; cf. *Watt v New York City Tr. Auth.,* 97 AD2d 466, 467; *Vita v Heller,* 97 AD2d 464). ¶ Turning to the substantive issues, we note that an application to adjudicate a party in contempt is treated in the same fashion as a motion (Judiciary Law, § 772) and a hearing must be held if issues of fact are raised (CPLR 2218; see *Matter of McDonnell v Frawley,* 23 AD2d 729, 730; *State of New York v Unique Ideas,* 56 AD2d 295, 297, mod on other grounds 44 NY2d 345). Conversely, a hearing is not necessary when there is no "factual dispute as to [the party's] conduct unresolvable from the papers on the motion" (Siegel, NY Prac, § 484, p 649; see *Friendly Ice Cream Corp. v Great Eastern Mall,* 51 AD2d 883, app dsmd 39 NY2d 1032). ¶ The subpoenas sought highly pertinent and material information and appellants' responses were, on their face, false and evasive, amounting to no answer at all (cf. *People v Gottfried,* 61 NY2d 617; *People v Schenkman,* 46 NY2d 232; *People v Ianniello,* 36 NY2d 137, cert den 423 US 831; *People ex rel. Valenti v McCloskey,* 6 NY2d 390, 398, app dsmd 361 US 534). Nonetheless, the issue should not have been summarily determined as appellants have purported to offer an explanation for their evasion (cf. *Friendly Ice Cream Corp. v Great Eastern Mall, supra*) and, therefore, were entitled to a hearing (*Matter of McDonnell v Frawley, supra*). ¶ Moreover, the order appealed from lacks a recital under section 770 of the Judiciary Law which is indispensable to a contempt adjudication (*Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790). In addition, pursuant to sections 753 and 773 of the Judiciary Law, any fine "must be limited to either (1) the actual loss or injury produced by reason of [the accused's] misconduct, or (2) $250, plus legal costs and expenses, in the event there has been no actual damage" (*Matter of Drimmer,* 97 AD2d 792, 793; see, also, *State of New York v Unique Ideas,* 44 NY2d 345, *supra; Federal Deposit Ins. Corp. v Richman, supra; Hardwood Dimension & Mouldings v Consolidated Edision Co.,* 77 AD2d 644, 645, app dsmd 51 NY2d 1008). Although it would appear that Special Term implicitly found that there was no actual damage, the plaintiff's moving papers did not so recite. Therefore it is unclear how Special Term arrived at the figure of $250. Upon remittitur, if appellants are adjudged to be in contempt, Special Term must make appropriate findings on how it arrives at the fine imposed. ¶ Finally, we deem it appropriate to assess costs against the appellants (CPLR 8107; *Matter of Drimmer, supra*). Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.