■ In the Matter of J. TARA KLUGE, Respondent, v WALTER B. COOKE, INC., Appellant.—In a proceeding to compel compliance with subpoenas duces tecum, the appeals are (1) from an order of the Supreme Court, Queens County (Graci, J.), dated May 1, 1984, which granted petitioner's unopposed motion to hold the appellant in civil contempt for failure to obey an order of the same court directing it to comply with the subpoenas, and (2) as limited by its brief, from so much of an order of the same court (Leviss, J.), dated May 15, 1984, as denied its motion, which, although denominated as one for "leave to file papers out of time in opposition to petitioner's order to show cause", was, in effect, to vacate its default in timely opposing petitioner's motion to hold it in contempt.

Appeal from the order dated May 1, 1984 dismissed, without costs or disbursements.

Order dated May 15, 1984 reversed, insofar as appealed from, without costs or disbursements, order dated May 1, 1984

vacated, and matter remitted to the Supreme Court, Queens County, for determination of petitioner's motion to hold appellant in contempt, upon condition that within 30 days after the service upon him of a copy of the order to be made hereon, with notice of entry, the attorney for the appellant personally pay the sum of $1,500 to petitioner. In the event the condition is not complied with, then order dated May 15, 1984 affirmed, insofar as appealed from, with costs.

Petitioner brought a proceeding against appellant before the State Division of Human Rights, alleging that she had been discriminated against on the basis of her sex. Prior to the hearing on the proceeding, petitioner served subpoenas duces tecum upon appellant directing the production of books and records. Upon the alleged failure of appellant to comply with the subpoena, petitioner commenced this proceeding in the Supreme Court, Queens County, to compel the appellant to comply with the subpoenas, and appellant cross-moved to quash those subpoenas. By order dated August 29, 1983, Justice Dunkin directed appellant to make available at its office all of the subpoenaed documents for inspection and copying. A copy of that order was served upon appellant's attorney. Appellant thereafter moved to reargue the motion and petitioner cross-moved to compel compliance. The matter was referred to Justice Dunkin, and the parties thereafter entered into a stipulation in open court concerning the disclosure to be made pursuant to the subpoenas. When the hearing subsequently commenced before the State Division of Human Rights, a dispute arose concerning the subpoenaed material and the hearing was adjourned.

By order to show cause returnable April 19, 1984, petitioner moved to hold appellant in contempt of the order of Justice Dunkin dated August 29, 1983. Although appellant was required to serve its cross motion and papers in opposition to respondent's motion-in-chief at least three days prior to the return date of that motion (CPLR 2215), it did not do so. On the return date of the motion-in-chief, appellant's attorney caused a paper entitled "notice of cross motion for attorneys fees and costs", returnable April 30, 1984, to be filed in the office of the clerk of Special Term. The papers in support of the cross motion contained arguments in opposition to petitioner's motion-in-chief. Apparently because it bore a different return date than the motion-in-chief, the cross motion was treated as an independent application for relief and was referred to a different justice of the court. By order dated May 1, 1984, Justice Graci granted petitioner's motion to hold

appellant in contempt "without opposition". On or about the same date, appellant made a motion denominated as one "for leave to file papers out of time in opposition to petitioner's order to show cause".

Appellant's previous cross motion and its subsequent application "for leave to file papers out of time" were both referred to Justice Leviss, who, by the order appealed from dated May 15, 1984, denied the same as "moot" upon the ground that Justice Graci had "already signed an order granted on default, finding [appellant] in contempt".

The appeal from the order of Justice Graci, dated May 1, 1984, must be dismissed since no appeal lies from an order entered upon the default of an appealing party (*Korman v City of New York,* 84 AD2d 559).

Although inartfully captioned, we deem appellant's motion "for leave to file papers out of time", as, in effect, one to vacate its default in timely opposing petitioner's motion to hold it in contempt (*see, Echevarria v Bank,* 111 AD2d 781). That application should have been granted. The affidavit in support thereof raised factual issues concerning whether appellant failed to comply with the order of Justice Dunkin, dated August 29, 1983. Since a hearing must be held on a motion to adjudicate a party in contempt if issues of fact are raised (*Quantum Heating Servs. v Austern,* 100 AD2d 843; Judiciary Law § 772; CPLR 2218; *see, Matter of McDonnell v Frawley,* 23 AD2d 729, 730; *State of New York v Unique Ideas,* 56 AD2d 295, 297, *mod on other grounds* 44 NY2d 345), the matter is remitted to the Supreme Court, Queens County, for a determination of the motion to hold appellant in contempt. Although it is apparent that appellant wished to oppose petitioner's motion to hold it in contempt, its delay in doing so is attributable to law office failure. Furthermore, confusion was created by its inartfully worded papers and convoluted motion practice. Accordingly, reversal of the order dated May 15, 1984, insofar as appealed from, is conditioned upon payment by the attorney for the appellant of the sum of $1,500 to petitioner within 30 days after the service upon him of a copy of the order to be entered hereon, with notice of entry. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.