■ FLUSHING NATIONAL BANK, Appellant, v RICH-HAVEN MOTOR SALES, INC., et al., Respondents, et al., Defendants. (Action No. 1.) RICH-HAVEN MOTOR SALES, INC., et al., Respondents, et al., Plaintiff, v FLUSHING NATIONAL BANK, Appellant. (Action No. 2.)—In consolidated actions, *inter alia,* to recover upon two promissory notes, Flushing National Bank, the plaintiff in action No. 1 and the defendant in action No. 2 appeals from an order of the Supreme Court, Queens County (Durante, J.), dated June 11, 1985, which, *inter alia,* granted the motion of Rich-Haven Motor Sales, Inc. and Harold Kramer, defendants in action No. 1 and plaintiffs in action No. 2, to strike the complaint in action No. 1 and for summary judgment in action No. 2.

Ordered that the order is affirmed, with costs.

It is well established that a properly executed affidavit of service raises a presumption that proper mailing occurred *(see, Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). The mere denial of the receipt of the conditional order of preclusion served by the respondents' attorney upon the appellant's attorney does not suffice to overcome the presumption of delivery and trigger the need for a hearing *(see, Engel v Lichterman, supra; Quantum Heating Servs. v Austern,* 100 AD2d 843).

The appellant's reliance upon *Hesselbarth v Paredes* (110 AD2d 818) is misplaced. Unlike *Hesselbarth,* there is no indication in the affidavit of service by mail at bar that the address to which the conditional order of preclusion was mailed was either incomplete or incorrect. Therefore, since the appellant has failed to raise an issue of fact with respect to the affidavit of service, Special Term properly granted the respondents' motion to strike the complaint in action No. 1 and for summary judgment in action No. 2 without conducting a traverse hearing *(see, Colon v Beekman Downtown Hosp.,* 111 AD2d 841; *cf. Matter of Novick v New York Commr. of Motor Vehicles,* 99 AD2d 811; *Vita v Heller,* 97 AD2d 464). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.