■ ALVIN GALLANT, Respondent, v DONALD KANTERMAN et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Louis B. Grossman, J.), entered May 7, 1987, which granted plaintiff's motion to hold defendants Donald Kanterman and Perri Kanterman in contempt of court and fined them $37,144.63 for violating the orders of the court prohibiting defendants Gallant Securities, Inc. and Gallant Intercapital Corp. and their employees and agents from paying any money out of either concern except in the ordinary course of business, unanimously reversed, on the law, and the matter remanded for a hearing before the same Justice, without costs.

Faced with conflicting affidavits on the issue of whether the expenses charged by the Kantermans on the corporate credit cards were incurred in the ordinary course of Gallant's business, which conflict cannot be resolved on the present record, a hearing should have been held at which all relevant facts could be explored. (Judiciary Law § 772; CPLR 2218; *see, Matter of McDonnell v Frawley,* 23 AD2d 729, 730; *see also,* Siegel, NY Prac § 484, at 649.) Concur—Kupferman, J. P., Sullivan, Asch and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEODORO AGUILAR, Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 22, 1986, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him to concurrent terms of 4½ to 9 years for robbery in the first degree and 3 to 6 years for robbery in the second degree, unanimously modified, on the law, to reduce the concurrent sentence for robbery in the second degree to 2 to 6 years, and otherwise affirmed.

As the People concede, the sentence of 3 to 6 years imposed on defendant on his conviction for robbery in the second degree was invalid. The defendant was not a predicate felon, and his conviction under Penal Law § 160.10 (1) may not be considered an armed felony since use, possession, or display of a weapon is not an element of that crime. Accordingly, the concurrent sentence imposed on defendant on that charge must be reduced to 2 to 6 years. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.