■ JOHN MULDER, Appellant, v DONNA MULDER, Respondent. [595 NYS2d 94] —In a matrimonial action in which the parties were divorced by judgment dated August 2, 1984, the plaintiff father appeals from an order of the Supreme Court, Westchester County (Emanuelli, J.), entered July 6, 1990, which, without a hearing, conditionally denied his motion to hold the defendant mother in contempt for violating the terms of the parties' separation agreement, denied his motion to declare the parties' eldest child emancipated, and failed to award him counsel fees.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the plaintiff's motions.

"[A]n application to adjudicate a party in contempt is treated in the same fashion as a motion (Judiciary Law, § 772) and a hearing must be held if issues of fact are raised" *(Quantum Heating Servs. v Austern,* 100 AD2d 843, 844, citing CPLR 2218; *Matter of McDonnell v Frawley,* 23 AD2d 729, 730; *State of New York v Unique Ideas,* 56 AD2d 295, 297, *mod on other grounds* 44 NY2d 345). Here, the parties' judgment of divorce required "that all major decisions affecting the children relative to their health, education, welfare and

religion shall be the subject of mutual discussion and agreement between the parties". The father alleges that the mother has steadfastly refused to discuss any such "major decisions", including the choice of college for the parties' eldest child, Dawn.

The mother asserts that whenever she would speak to the plaintiff she would explain, at his request, "exactly what was going on in [Dawn's] life". Nevertheless, she also admits that there has been no communication whatsoever between herself and the father in over five years. The father also alleges that whenever he would telephone the mother, the children would tell him that the mother did not want to talk to him, or, if he reached her, she would hang up on him. The mother does not deny this, nor does she deny that she completely ignored several letters requesting information about Dawn's education. The mother simply asserts that Dawn is old enough to communicate with her father herself. However, the judgment of divorce required "discussion and agreement *between the parties*" (emphasis supplied) regarding the major decisions. The mother also does not deny that she ignored a letter by the father attempting to resolve the issue of certain slides, which the judgment of divorce directed the parties to "go through", and, to the extent the father desired copies of the slides, to duplicate them, sharing the cost equally. Thus, issues of fact exist as to whether the defendant is guilty of contempt *(see, Quantum Heating Servs. v Austern, supra)*. With regard to the father's motion to declare Dawn emancipated, the father contends that Dawn is emancipated due, *inter alia,* to the fact that she has become self supporting. Here, too, an issue of fact exists *(see, Matter of Eason v Eason,* 86 AD2d 666). Therefore, a hearing is required.

If, after the hearing, the court finds that the mother has violated the terms of the judgment of divorce, the father shall be entitled to recover his reasonable counsel fees pursuant to the terms of that judgment. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.