■ AUGUST E. ANDERSEN et al., Appellants, v EDWARD MAZZA et al., Respondents. [597 NYS2d 769] —Levine, J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered February 11, 1992, which, inter alia, granted defendants' motion for an order of preclusion.

Plaintiffs instituted this action against defendants by service of a summons and complaint in 1986 seeking, inter alia, a declaration regarding the ownership of a parcel of land located in the Town of Hancock, Delaware County, to which

both parties claim ownership. Defendants served a notice to produce for discovery and a demand for a bill of particulars, both dated April 24, 1991. Defendants served a notice of motion for an order of preclusion on October 2, 1991, annexed to which was an affidavit of defendants' counsel averring that he had not received from plaintiffs either the documents requested or a bill of particulars until October 1, 1991.

Plaintiffs' counsel, in her affidavit in opposition to the motion to preclude, averred that she had timely mailed to defendants' counsel a response to the notice to produce and a bill of particulars on May 8, 1991. Attached thereto was a notarized affidavit of a legal assistant employed by plaintiffs' counsel swearing that she placed same in the mail on that date. Plaintiffs' counsel also submitted duplicate responses which she claimed to have mailed to defendants' counsel on June 20, 1991 and September 20, 1991 (defendants concede receipt of the latter mailing).

County Court, *inter alia,* granted a preclusion order (conditional in part and unconditional in part), the merits of which plaintiffs do not contest on this appeal. County Court found plaintiffs' bill of particulars to be "patently defective" and that plaintiffs' counsel had not submitted a supplemental bill of particulars or any of the evidence sought to be disclosed, "her concession of [defendants'] entitlement thereto notwithstanding". The court awarded defendants $100 motion costs and $2,000 in reasonable counsel fees. Plaintiffs appeal.

It is well established that a properly executed affidavit of service raises a presumption that proper mailing occurred, as service is complete upon mailing under CPLR 2103 (b) (2) *(see, Engel v Lichterman,* 62 NY2d 943, 944-945, *affg* 95 AD2d 536, 538; *Flushing Natl. Bank v Rich-Haven Motor Sales,* 123 AD2d 663; *Quantum Heating Servs. v Austern,* 100 AD2d 843). Defendants do not claim the address to which the documents were mailed was incorrect in any respect *(cf., Hesselbarth v Paredes,* 110 AD2d 818, 819). The mere denial by defendants' counsel of receipt of the documents in his affidavit in support of the motion to preclude does not suffice to overcome the presumption of delivery and trigger the need for a hearing *(see, Engel v Lichterman, supra; Flushing Natl. Bank v Rich-Haven Motor Sales, supra; Quantum Heating Servs. v Austern, supra),* and thus we find that the documents were timely served.

Plaintiffs' contention that defendants failed to timely serve the notice of motion to preclude within 10 days of receipt of the bill claimed to be defective *(see,* CPLR 3042 [d]), i.e., within

10 days of receipt of the May 5, 1991 mailing of the documents, is mistaken. The presumption of proper mailing and service of the documents does not relate to defendants' time to file a motion to preclude, which is triggered by *receipt* of the defective bill *(see,* CPLR 3042 [d]). Defense counsel's affidavit indicates that he did not *receive* the documents until October 1, 1991—and plaintiffs do not submit any contrary proof—and therefore defendants' notice of motion to preclude made October 2, 1991 was timely.

Finally, plaintiffs claim that it was an abuse of discretion for County Court to award defendants $2,000 in counsel fees and that the amount awarded was excessive. A review of County Court's decision reflects that the counsel fee award was based on its finding of delay by plaintiffs in responding to defendants' demands, on the failure of plaintiffs' counsel to respond to defense counsel's efforts to confer with her *(see,* 22 NYCRR 202.7), and on the patent deficiencies in plaintiffs' responses as ultimately received. In view of our determination that plaintiffs timely responded, and because plaintiffs' dereliction did not consist of failing to comply with a conditional preclusion order, we conclude that the award of $2,000 for counsel fees imposed on plaintiffs should be vacated, and impose a fine of $500 on plaintiffs' counsel personally for her conduct and the deficient responses *(see,* CPLR 3042 [h]; 3126).

Weiss, P. J., Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the facts, without costs, by vacating so much thereof as awarded $2,000 counsel fees against plaintiffs, conditional upon payment of a $500 fine by plaintiffs' attorney to be paid within 20 days of service of the order herein with notice of entry, and, in the event such payment is not made, order affirmed, with costs.