■ EAST RIVER SAVINGS BANK, Respondent, v GLORINE D. CURTIS et al., Defendants, and MUNDACA INVESTMENT CORPORATION, Appellant. [645 NYS2d 119] —Order unanimously affirmed without costs. Memorandum: Mundaca Investment Corporation (defendant), a subordinate mortgagee on property sold in foreclosure, contends that Supreme Court erred in denying its motion to vacate the sale on the ground that plaintiff, the senior mortgagee, failed to notify defendant of the sale as required by law *(see, Shaw v Russell,* 95 AD2d 977, *affd* 60

NY2d 922). We disagree. Plaintiff submitted an affidavit of service by its attorney's secretary, who asserted that she mailed the notice of sale to defendant's attorney on June 23, 1995, more than a month before the property was sold at auction to a third party. That "properly executed affidavit of service raises a presumption that a proper mailing occurred" (*Engel v Lichterman*, 62 NY2d 943, 944), and defendant's "mere denial of receipt is insufficient to rebut the presumption of delivery" (*St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718, 719; *see, Andersen v Mazza*, 193 AD2d 898, 899). Defendant contends that a hearing is necessary to determine whether the secretary's affidavit was truthful, based on an assertion by plaintiff's counsel in an affidavit that the judgment had been served on defendant at a time when only the proposed judgment had been served. The assertion of plaintiff's counsel is insufficient to raise an issue of fact whether his secretary mailed the notice of sale. Thus, the court properly denied the motion to vacate the sale. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Vacate Foreclosure Sale.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.