■ Tuck Harvey, Respondent, v Stanley Blumenstein, Appellant, et al., Defendant. [728 NYS2d 87] —In an action to enforce a judgment, the defendant, Stanley Blumenstein, appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated March 3, 2000, which conditionally granted, without a hearing, the plaintiff's motion to hold him in contempt.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether the appellant is guilty of contempt.

The plaintiff moved to hold the appellant in contempt on the ground that he failed to appear for a deposition after service upon him of a subpoena. The documentary evidence submitted by the plaintiff in support of the motion indicated that the typewritten date for the deposition had been crossed out and a later date had been handwritten in its place. The appellant offered evidence, however, that he had received a subpoena bearing only the typewritten date, two days after the date set forth in the subpoena. The plaintiff offered no explanation as to why the appellant had received the typewritten subpoena only. The Supreme Court granted the plaintiff's motion finding the appellant in contempt unless he submitted to a later deposition.

A hearing on the plaintiff's contempt motion was required, as the appellant's papers raised factual issues (*see, Village of Westhampton Beach v Suffolk Asphalt Supply,* 253 AD2d 425; *Guiliano v Carlisle,* 236 AD2d 364; *Mulder v Mulder,* 191 AD2d

541). Accordingly, the matter is remitted to the Supreme Court for a hearing on the issue of the appellant's alleged contempt. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.