■ CITY WIDE SEWER & DRAIN SERVICE CORP., Appellant, v STEPHEN S. CARUSONE, Respondent. [834 NYS2d 283]—

In an action, inter alia, to recover damages for breach of contract which was settled by a so-ordered stipulation dated December 2, 2004, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated August 13, 2006, which, in effect, denied its motion to hold the defendant in contempt based upon alleged violations of the so-ordered stipulation.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

On December 2, 2004 the parties placed a stipulation on the

record in open court in settlement of this action, in which the defendant agreed, inter alia, to neither directly nor indirectly solicit the plaintiff's past or present customers. Alleging that the defendant violated the subject stipulation, the plaintiff moved to hold the defendant in contempt.

" 'To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect' " (*Gerelli Ins. Agency, Inc. v Gerelli*, 23 AD3d 341, 341 [2005], quoting *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]). Here, by, in effect, denying the plaintiff's motion to hold the defendant in contempt, the Supreme Court implicitly concluded that the subject stipulation was not enforceable because it failed to include temporal and geographical limitations. Given that the subject stipulation was negotiated between represented parties as part of a settlement of the underlying action and the prohibition against restraint on an individual's ability to earn a livelihood is not implicated, the Supreme Court improperly concluded that an unequivocal order of the court was not enforceable (*see Chernoff Diamond & Co. v Fitzmaurice, Inc.*, 234 AD2d 200, 201 [1996]; *see also Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]). Thus, the Supreme Court improperly, in effect, denied the plaintiff's motion. Accordingly, we remit this matter to the Supreme Court, Nassau County, to hold an evidentiary hearing on the issue of whether the defendant solicited the plaintiff's customers, thereby violating the court-ordered stipulation (*see Harvey v Blumenstein*, 285 AD2d 581, 581-582 [2001]; *Mulder v Mulder*, 191 AD2d 541 [1993]).

The parties' remaining contentions either need not be addressed in light of our determination or are without merit. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.