■ Automated Waste Disposal, Inc., et al., Respondents, v Mid-Hudson Waste, Inc., et al., Appellants, et al., Defendant. [857 NYS2d 228]—

In an action, inter alia, to permanently enjoin the defendants from improperly soliciting the plaintiffs' customers and inducing them to breach unexpired contracts with the plaintiffs, the defendants Mid-Hudson Waste, Inc., Robert Kissh, and Timothy Wilson appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 12, 2006, as granted the plaintiffs' motion to hold them in contempt and directed a hearing on the issue of legal fees, costs, and disbursements incurred by the plaintiffs during the underlying proceedings.

Ordered that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Putnam County, for a hearing in accordance herewith and a new determination thereafter, with costs to abide the event.

"To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation" (*Giano v Ioannou,* 41 AD3d 427, 427 [2007]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Kalish v Lindsay,* 47 AD3d 889 [2008]). "Contempt must be proven by clear and convincing evidence" (*Kalish v Lindsay,* 47 AD3d 889, 891 [2008]; *Gloveman Realty Corp. v Jefferys,* 29 AD3d 858, 859 [2006]). "A hearing is not mandated 'in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone' " (*Jaffe v Jaffe,* 44 AD3d 825, 826 [2007], quoting *Bowie v Bowie,* 182 AD2d 1049, 1050 [1992]). However, a "hearing must be held if issues of fact are raised" (*Quantum Heating Servs. v Austern,* 100 AD2d 843, 844 [1984]; *see Mulder v Mulder,* 191 AD2d 541 [1993]). Here, the motion papers presented issues of fact as to whether the appellants violated the temporary restraining order issued by the Supreme Court that was in effect from September 14, 2006 to October 19, 2006. Accordingly, the Supreme Court erred in holding the appellants in contempt without first conducting an evidentiary hearing (*see People ex rel. Smulczeski v Smulczeski,* 18 AD3d 785, 786 [2005]; *Sidhu v Sidhu,* 274 AD2d 465, 466 [2000]; *Mastrantoni v Mastrantoni,* 242 AD2d 825, 826 [1997]; *Mulder v Mulder,* 191 AD2d at 542; *Matter of Kluge v Walter B. Cooke, Inc.,* 112 AD2d 230, 232 [1985]; *Quantum Heating Servs. v Austern,* 100 AD2d at 844).

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.