■ Viacom Outdoor Group, Inc., Plaintiff, v Carolyn Mc-Clair, Respondent. HSBC Bank USA, National Association, Nonparty Appellant. [878 NYS2d 785]—

In an action to enforce a judgment of a court of the State of Arizona dated May 30, 2006, which the plaintiff later filed in Kings County pursuant to CPLR 5402, nonparty HSBC Bank USA, National Association, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated February 28, 2008, as, after a hearing, granted that branch of the defendant's motion which was to hold it in civil contempt and directed it to pay the defendant the principal sum of $10,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to hold HSBC Bank USA, National Association, in civil contempt is denied.

The nonparty appellant, HSBC Bank USA, National Association (hereinafter HSBC), was served with a restraining notice (*see* CPLR 5222) relating to a judgment of a court of the State of Arizona dated May 30, 2006, which was later filed in Kings County pursuant to CPLR 5402, and faced potential contempt sanctions in the event that it violated the notice by permitting funds to be withdrawn from the judgment debtor's account (*see* CPLR 5251; *Aspen Indus. v Marine Midland Bank,* 52 NY2d 575, 579-580 [1981]; *Nardone v Long Is. Trust Co.,* 40 AD2d 697 [1972]). By order to show cause dated January 5, 2007, the judgment debtor, the defendant Carolyn McClair (hereinafter McClair), moved, among other things, to vacate the underlying Arizona judgment and for an order "discharging or staying the [e]nforcement of the [j]udgment in New York."

In an order dated March 23, 2007, the Supreme Court granted McClair's motion solely to the extent of "stay[ing] enforcement of the Arizona judgment." That order also provided that "the

stay on the release of funds in [the judgment debtor's] HSBC Bank Account is lifted." We agree with HSBC that this language, while it may have dissolved the temporary restraining order contained in the order to show cause dated January 5, 2007 did not directly address the underlying restraining notice.

Since the March 23, 2007 order did not expressly vacate the restraining notice, the hesitation exhibited by HSBC when McClair inquired about the release of funds from her account was understandable and cannot be deemed contemptuous. Civil contempt sanctions are not warranted unless it is shown that the alleged contemnor wilfully violated a clear and unequivocal mandate of the court (*see Moore v Davidson,* 57 AD3d 862 [2008]; *Geffner v North Shore Univ. Hosp.,* 57 AD3d 839 [2008]; *City Wide Sewer & Drain Serv. Corp. v Carusone,* 39 AD3d 687, 688 [2007]). No such showing has been made here (*see Aspen Indus. v Marine Midland Bank,* 52 NY2d 575, 579 [1981]; *see also Nardone v Long Is. Trust Co.,* 40 AD2d 697 [1972] [restraining notice remained valid despite ex parte stay, which "merely prohibited (the judgment creditor) from gaining actual possession of the judgment debtor's funds"]). "[A]ny ambiguity in the [C]ourt's mandate should be resolved in favor of the would-be contemnor" (*Hae Mook Chung v Maxam Props., LLC,* 52 AD3d 423, 423 [2008]; *see Richards v Estate of Kaskel,* 169 AD2d 111, 122 [1991]). Since the order dated March 23, 2007 was unclear, HSBC cannot be held in contempt and, in any event, HSBC, by all indications, acted at all relevant times in good faith.

The parties' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.