[910 NYS2d 835]

239 EAST 115TH STREET HDFC, Respondent, v AWE OLUNKUNLE, Appellant.

Supreme Court, Appellate Term, First Department, August 31, 2010

## APPEARANCES OF COUNSEL

*Mayer Brown LLP*, New York City (*S. E. Williams* of counsel), for appellant. *Cullen & Troia*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Order dated April 3, 2009, reversed, without costs, determination vacated and matter remanded for a hearing in accordance herewith and a new determination of tenant's motion to "reform" the stipulation of settlement. Order dated June 11, 2009, affirmed, without costs.

Petitioner landlord leased a two-bedroom apartment to respondent tenant. Tenant's rent for that unit was $215 per month. In 2004, landlord commenced this nonpayment summary proceeding against tenant. On January 24, 2006, after extensive negotiations, the parties entered into a stipulation of settlement, which was so-ordered by the court, resolving the proceeding. Pursuant to the stipulation, tenant tendered arrears to landlord, and a final judgment and warrant of eviction which landlord had previously obtained against tenant were vacated. Additionally, paragraph four of the stipulation provided that "[i]t is mutually agreed that [tenant] may continue to oc-

cupy the *subject premises* until a 1 bedroom apartment becomes available. It is further agreed and understood the 1 bedroom apartment must be satisfactory to [tenant]. [Tenant] shall not unreasonably refuse to relocate to an available 1 bedroom apartment" (emphasis added). The next clause of the stipulation (paragraph five) stated that "[i]t is agreed that [tenant]'s rent in the *subject premises* shall be 30% of his income or $215 per month, whichever is higher. [Tenant]'s rent is currently $215 per month" (emphasis added). Critically, the stipulation did not define the phrase "subject premises." Therefore, it is unclear whether paragraph five served to confirm tenant's rent in the two-bedroom unit he occupied or established the rent he was to pay when he relocated to the one-bedroom unit.

Landlord ultimately offered a one-bedroom apartment as required under the stipulation; however, a dispute arose between the parties regarding the amount of rent tenant was to pay for the new unit. Landlord, asserting that paragraph five stated the rent for the two-bedroom unit tenant was already occupying, believed that the rent for the one-bedroom unit should be $887.23 per month. Tenant asserted that paragraph five dictated that the rent for the one-bedroom unit to which he would relocate would be $215 per month (or 30% of his income, whichever is higher).

Tenant moved to "reform" the stipulation to conform to his understanding of the terms of the stipulation, arguing that, due to mutual mistake, the stipulation did not reflect the actual settlement reached by the parties. Civil Court denied the motion, and denied tenant's subsequent motion to hold landlord in contempt for failing to relocate tenant to a one-bedroom apartment.

█ Although tenant denominated his motion as one to "reform" the stipulation, that relief is not available to tenant, since he does not seek to add terms inadvertently omitted from the stipulation or to excise terms inadvertently supplied to the document (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 29 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]; Banks, New York Contract Law § 12:24 [28 West's NY Prac Series 2010]). Rather, in essence, tenant seeks to have an ambiguity in the stipulation resolved in his favor and to enforce the stipulation accordingly. Each party offers a reasonable interpretation of the critical phrase "subject premises" in paragraph five of the stipulation—tenant asserts that the phrase means the one-bedroom unit to which he was to relocate, while

landlord urges that the phrase refers to the two-bedroom unit in which tenant then resided. Since the stipulation is, on its face, susceptible to more than one reasonable interpretation, it is ambiguous and a hearing is required to ascertain the intent of the parties regarding the meaning of the phrase "subject premises" in paragraph five (*see generally Discovision Assoc. v Fuji Photo Film Co., Ltd.*, 71 AD3d 488 [2010]).

■ Civil Court correctly denied tenant's motion to hold landlord in contempt. Neither the stipulation nor a subsequent order of the court requiring landlord to relocate tenant in accordance with the stipulation expressed "a clear . . . [and] unequivocal mandate" to landlord to relocate tenant to a one-bedroom apartment at a particular rent (*see generally Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; *Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]).

MCKEON, P.J., SHULMAN and HUNTER, JR., JJ., concur.