Banana Kelly Prospect HDFC. v Banks (2024 NY Slip Op 50681(U))

[*1]

Banana Kelly Prospect HDFC. v Banks

2024 NY Slip Op 50681(U)

Decided on June 7, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2024
Civil Court of the City of New York, Bronx County

Banana Kelly Prospect HDFC., Petitioner,

against
Bornarabia Banks, Respondent.

Index No. 334261/2022

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion (NYSCEF DOC. 27), With Affidavit (Doc. 28), Attorney Affirmation (Doc. 34), and Exhibits (Docs. 29-33) 1
Affirmation in Opposition (Doc. 36) 2
Reply Affirmation (Doc. 37), With Exhibits (Docs. 38-39) 3
After argument on May 8, 2024, and upon the foregoing cited papers, the decision and order on this motion is as follows:
RELEVANT FACTS AND PROCEDURAL POSTURE
On March 23, 2023, the parties, both represented by counsel, settled this non-payment summary proceedings by stipulation. (see NYSCEF Doc. 10). The stipulation requires, inter alia, completion of alleged repairs prior to payment of arrears. (id). In July 2023, petitioner moved for entry of judgment because the respondent had failed to make payment. (see NYSCEF Docs. 11-12). Respondent cross-moved asking the court to set the matter down for an abatement hearing and for entry of an order to correct certain conditions in the apartment. (see NYSCEF Doc. 13). On January 26, 2024 the court issued an order holding petitioner's motion in abeyance and granting respondent's motion. (see NYSCEF Doc. 24). The order, which appears to be drafted by counsel, lists eight (8) items that need correction and access dates. It does not reference any violations of any code and does not indicate by when repairs were to be completed. (see id).
Respondent now moves by notice of motion for an order holding petitioner in contempt for its failure to properly address the conditions noted in the January 26, 2024 order.
Petitioner argues that service of the motion was improper and that the order was not willfully disobeyed.

DISCUSSION
Service of Civil Contempt Motions
The court first addresses how the motion was served. Section 761 of the Judiciary Law provides that any "application to punish for contempt in a civil contempt proceeding shall be served upon the accused." (Judiciary Law § 761). However, service upon an attorney for the alleged contemnor is allowed when "ordered by the court or judge." (id; 1242 Superior Apts., LLC v Rodriguez, 61 Misc 3d 1221(A), 3 [Civ Ct, Bronx County 2018]). Here, as respondent [*2]moved by notice of motion, service upon petitioner's counsel alone is not sufficient. Respondent, however, does not rely upon service on opposing counsel. Respondent also served the petitioner corporation directly at a registered business address. Respondent served petitioner's "Head Officer," Hope Burgess, by substitute service upon a person of suitable age and discretion who represented he would deliver the papers to Ms. Burgess. (see Affid of Serv at NYSCEF Doc. 38). The affidavit of service also alleges a proper mailing to the registered address. (id; see also Munoz v Reyes, 40 D3d 1059, 836 NYS2d 698 [2nd Dept 2007] (Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with)). While petitioner's counsel argues that service upon his office is not sufficient, counsel does not address the service on Ms. Burgess. As such, any theoretical defect with the "leave and mail" service is waived. To the extent that petitioner argues that in-hand service is a requirement, it is wrong.
Personal jurisdiction can be achieved in one of several ways. Personal delivery, meaning in-hand service, is preferable, but is not required. CPLR §308(2) provides that service upon a natural person may also be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by ... mailing the summons to the person to be served at his or her last known residence." (see Nationstar Mortg., LLC v Kamil, 155 AD3d 966, 967, 64 NYS3d 116 [2nd Dept. 2017]). This kind of substitute "leave and mail" service is appropriate when serving a contempt motion. (see DHPD of the City of New York v 24 West 132 Equities Inc., et. Al, 137 Misc 2d 459, 461-462 [App Term, 1st Dept. 1987], aff'd 150 AD2d 181 [1st Dept. 1989]). As such, service of the motion was proper, and court must reach its merits.
Willfulness Is Not an Element of Civil Contempt
Petitioner's argument that willfulness is an element of civil contempt is without merit. In El- Dehdan v El-Dehdan, the Court of Appeals clarified that while willfulness is an element of criminal contempt, it is not an element of civil contempt. (26 NY3d 19, 33 [2015] ("Turning to the relevant statutory provision, nowhere in Judiciary Law § 753(A)(3) is willfulness explicitly set forth as an element of civil contempt... Apart from the statute, this Court has not imposed a willfulness requirement for civil contempt."); see also Coward v Biddle, 210 AD3d 1083, 1084 [2nd Dept. 2022]). 
The January 26, 2024 Order is Not Clear and Unequivocal
Notwithstanding the fact that willfulness need not be proven, respondent does not show each element of civil contempt by clear and convincing evidence. (see El—Dehdan v. El—Dehdan, 114 AD3d 4, 10—11 [2nd Dept. 2013], aff'd 26 NY3d 19, 19 [2015]) (standard of proof for civil contempt is clear and convincing evidence)).
"To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence, that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect; the order was disobeyed by a party who had knowledge of its terms; and the movant was prejudiced by the offending conduct." (Parada v Herron, 223 AD3d 532, 533 [1st Dept. 2024] [internal citations omitted]). There is no burden on the alleged contemnor unless the movant first establishes each element. (see Lugo v Torres, 174 D3d 595, 596 [2nd Dept. 2019]).
Where an order is not clear and unequivocal, contempt does not lie. (see Matter of Storman v NYC Dep't of Educ (95 AD3d 776, 777 [1st Dept. 2012]; 239 E 115th St HDFC v Olunkunle, 29 Misc 3d 64, 66-67 [App Term, 1st Dept. 2010]). Furthermore, "[a]ny ambiguity" [*3]in the order "should be resolved in favor of the would-be contemnor." (Hae Mook Chung v Maxam Prorperties, LLC, 52 AD3d 423, 423 [1st Dept. 2008]; Viacom Outdoor Group, Inc v McClair, 62 AD3d 864, 865 [2nd Dept. 2009]).
Critically, the January 26, 2024 order does not reference any violation of record and does not order the repairs be completed by a date certain. Orders without deadlines are generally not found unequivocal. (see In re Manus, 139 AD3d 600, 601 [1st Dept. 2016]; Matter of Serena W., 218 AD3d 597, 599 [2nd Dept. 2023]; Chambers v Old Stone Hill Road Associates, 66 AD3d 944, 946 [2nd Dept. 2009] (order to remove a telecommunications service facility that violated a restrictive covenant in a deed had no specific deadline); Rienzi v Rienzi, 23 AD3d 447, 449 [2nd Dept. 2005] (no time frame for payment); Shea v Signal Hill Road LLC, 206 AD3d 1541, 1544 [3rd Dept. 2022] (No clear and unequivocal mandate for defendants where uncertain as to the timing of the required compliance); Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept. 2015] (no date stated for required payment). Even where an order or stipulation states that a landlord must make repairs "as legally required" it does not pass muster [for contempt purposes]. (see Michetti v Wilson, 9 Misc 3d 138(A) [App Term, 2nd & 11th Jud. Dists. 2005] ("The mandate of the court that landlord "inspect and repair as legally required" the complaints listed in tenant's answer was not sufficiently specific and unequivocal to support a finding of contempt.")).
On the other hand, courts have universally found orders that reference violations of record and that include completion dates clear and unequivocal. (see e.g. Lu v Betancourt, 116 Ad2d 492, 493-94 [1st Dept. 1986] ("Order perfectly clear in "directing that violation...be corrected" by date certain); Department of Housing Pres. & Dev of City of New York v Living Waters Reatly Inc., 14 Misc 3d 484, 486 [Civ Ct, New York County 2006] (unequivocal mandate that the prior owner was to correct the violations listed in the inspection report); Anumada v Bennett, 72 Misc 3d 1219(A), 4 [Civ Ct, Bronx County 2021] (order required correction of open violations by a date certain); Wang v Impact Real Estate Mgmt., 76 Misc 3d 1204(A), 2 [Civ Ct, Queens County 2022] (finding unequivocal mandate where the order referenced open violations that had to be addressed within time frames stated in the Housing Maintenance Code); but see Schlueter v East 45th Dev't LLC, 9 Misc 3d 1105(A), 5 [Civ Ct, New York County 2005] (holding that the court can determine retroactively whether a condition was a violation of the Housing Maintenance Code, in context of contempt motion) [emphasis added]).[FN1]

Nor do subsequent stipulations provide necessary clarification as neither the February 29, 2024 nor March 28, 2024 stipulations include reference to violations or time frames for completion of repairs. (see NYSCEF Docs. 25 & 26). The court notes that respondent's statement that "[t]he continued existence of the conditions is prima facie proof that the conditions were not corrected under the N.Y.C. Housing Maintenance Code § 27—2115(f)(7)" is an incorrect statement of the law. (see NYSCEF Doc. 34, par. 41 [emphasis added]). It is the existence of open violations that is prima facie proof that the underlying conditions continue to exist. (see DHPD v De Bona, 101 AD2d 875, 875 [2nd Dept. 1984]; Patbru Realty Co v Bryant, 81 Misc 3d 1249(A), 3 [Civ Ct, Bronx County 2024]). Nothing in respondent's papers establishes the [*4]existence of violations under the Housing Maintenance Code.[FN2]
The law is clear that "[a] remedy for a violation cannot be required before the violation has been proven." (Grant v NYCHA, 59 Misc 3d 136(A), 1 [App Term, 2nd Dept. 2018]). 
Respondent may, if she so wishes, seek clarification of the January 26, 2024 order, which would allow the court to issue a clear and unequivocal one. (see Storman v New York City Dept of Educ., 95 AD3d 776, 777 [1st Dept. 2012])

CONCLUSION
Based on all of the foregoing, respondent's motion seeking to hold petitioner in civil contempt is denied. This constitutes the Decision of the court. It will be posted to NYSCEF.
Dated: June 7, 2024
So Ordered,
Bronx, NY
SHORAB IBRAHIM, JHC

Footnotes

Footnote 1:The court notes that respondent cites to Living Waters Realty Inc, (supra), in the affirmation in support for the very same proposition laid out by the court: "Housing Court Judges have considered orders to correct to deliver clear, unequivocal mandates for owners to repair violations listed in the HPD inspection report." (see NYSCEF Doc. 34, par. 32).

Footnote 2:This is not to say that no such violations exist.