**DANIEL S., a minor, and Mr. and Mrs. S., Individually and as Parents and Next Friends of Daniel S., Plaintiffs,**

v.

**BOARD OF EDUCATION OF YORK COMMUNITY HIGH SCHOOL, et. al., Defendants.**

No. 00 C 2316.

United States District Court, N.D. Illinois, Eastern Division.

March 29, 2001.

Matthew David Cohen, Howard A. Rosenblum, Cynthia M. Masbaum, Chicago, IL, for plaintiffs.

John Grover Foreman, Barbara Naretto Petrungaro, Elizabeth Hoskins Dow, Christian G. Spesia, Joliet, IL, for defendants.

## MEMORANDUM AND ORDER

DARRAH, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint. For the reasons set forth below, the Court GRANTS Defendants' Motion in Part and DENIES it in Part.

## BACKGROUND

Plaintiffs have filed a ten-count Complaint against Defendants, The Board of Education of York Community High School, Elmhurst Community Unit School District, Joel Morris, Linda Yonke, and Joseph Newton, based on (I) the Fourth Amendment, (II) the Fourteenth Amendment, (III) false imprisonment, (IV) intentional infliction of emotional distress, (V) slander, (VI) invasion of privacy, (VII) intrusion into seclusion, (VIII) invasion of privacy: false light, (IX) the Family Educational Rights and Privacy Act ("FERPA"), and (X) the Illinois School Student Records Act. Defendants have moved for dismissal of Plaintiffs' federal law Counts I, II, and IX. For purposes of this Motion, the Court is obligated to take as true the following allegations drawn from Plaintiffs' Complaint.

At the time of the events which form the basis of this Complaint, Plaintiff Daniel S. was a seventeen-year-old student at York community High School. He had been declared eligible for special education in 1986. Daniel S. has been diagnosed with Bi-Polar Disorder, Manic Depression, and Attention–Deficit/Hyperactivity Disorder. Defendant Joel Morris is the Superintendent of Schools for York Community High School. Defendant Linda Yonke is the Principal of York Community High School. Defendant Joseph Newton was employed as a physical education instructor during the 1998/1999 school year. Mr. Newton was Daniel S.'s physical education instructor and a coach on the cross-country team.

On Thursday, April 15, 1999, Daniel S. and a classmate, Tim D., ripped their school-issued swimsuits during gym class. Mr. Newton ordered Daniel and Tim to leave the pool and sit down for the rest of the gym period. When the gym period ended, Mr. Newton instructed Daniel and Tim to remain seated while the other boys went into the locker room.

After most of the boys in the gym class had already showered and were beginning to get changed into their clothes, Mr. Newton instructed Daniel and Tim to go into the shower area. When Daniel and Tim got into the shower area, Mr. Newton ordered them to take off their torn swimsuits and hand them to him. Both boys asked Mr. Newton for a towel, but Mr. Newton refused their request. Mr. Newton made the boys stand naked in front of their classmates, who were already getting dressed. While the boys were standing there, Mr. Newton screamed expletives at them. Mr. Newton also told the boys that they wouldn't pass his gym class and that there would be major consequences for their actions. Many of the other students watched and listened to this interchange.

The gym period ended, and the other students left the locker room while Daniel and Tim were made to stand without clothes in the shower area. The next class of students then entered the locker room and witnessed the boys' treatment by Mr. Newton. Mr. Newton refused to allow Daniel and Tim to get dressed, to cover themselves with a towel, to leave the locker room, or to go to their next class. Mr. Newton instructed both boys that they were not to get dressed or leave the locker

area. Mr. Newton then left the locker room.

A few minutes later, a different gym teacher, Mr. Sir, came into the locker room and saw Daniel and Tim standing in the shower area without any clothes. After the boys explained the incident, Mr. Sir instructed Daniel and Tim to get dressed and to either go to their next class or report to the Dean. By this time, the boys had been standing without clothes for roughly sixteen minutes.

Daniel was subsequently assigned to another gym class. Daniel was asked about the April 15th incident by numerous students and teased about the incident.

At the end of the following week, during cross-country track practice, Mr. Newton told the cross-country team that he had kicked two students out of his third-period gym class. Mr Newton told the cross-country team that the students were like those kids at Columbine in Colorado. Mr. Newton referred to them as Littletons waiting to happen, referring to the April 20, 1999 high school tragedy in Littleton, Colorado.

Daniel and Tim were the only students who had been recently removed from Mr. Newton's third-period gym class. The students on the cross-country track team were aware that Daniel and Tim were the two students Mr. Newton removed from gym class.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. A defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, a court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Bontkowski v. First Natl. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993), *cert. denied*, 510 U.S. 1012, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992), *cert. denied*, 506 U.S. 893, 113 S.Ct. 267, 121 L.Ed.2d 196 (1992).

## DISCUSSION

Defendants have moved to dismiss Plaintiffs' federal claims (Counts I, II, and IX) pursuant to FED.R.CIV.P. 12(b)(6).

### Count I: Fourth Amendment Right to be Free from Unreasonable Seizure

Plaintiffs' Count I alleges that Daniel S. was unlawfully seized in violation of the Fourth Amendment when Mr. Newton forced him to stand naked for sixteen minutes in the boys' locker room and listen to "vulgar and offensive" language. (Comp.10, 11). Defendants argue that, even if proven, this allegation is insufficient to state a claim under the Fourth Amendment.

■ "The fundamental command of the Fourteenth Amendment is that searches and seizures be reasonable." *New Jersey v. T.L.O.*, 469 U.S. 325, 340, 105 S.Ct. 733, 742, 83 L.Ed.2d 720 (1985). This requirement does not disappear in cases alleging deprivations of liberty in school. In *Wal-*

*lace v. Batavia,* 68 F.3d 1010, 1014 (7th Cir.1995) the Seventh Circuit stated:

[I]n the context of a public school, a teacher or administrator who seizes a student does so in violation of the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent. Therefore, in seeking to maintain order and discipline, a teacher or administrator is simply constrained to taking reasonable action to achieve those goals. Depending on the circumstances, reasonable action may certainly include the seizure of a student in the face of provocative or disruptive behavior.

Defendants argue that Plaintiffs' Count I should be dismissed because Mr. Newton's decision to make Daniel S. stand naked for sixteen minutes was not unreasonable under the circumstances. Defendants point out that Daniel S. had engaged in disruptive behavior (ripping the swimsuit); and in the context of the locker room, prolonged nudity is not unreasonable. However, Plaintiffs respond by arguing that the custom of the boys in this school was to shower with their swim suits on and that the length of time was unreasonable.

There can be little doubt that teachers have the power to restrict students' movement to maintain order and discipline. Had Mr. Newton merely ordered two fully clothed boys not to move, such action would not violate the Fourth Amendment. However, the fact that the boys were made to stand naked for a period of sixteen minutes while the other boys did not even shower naked draws the reasonableness of the action into question. Furthermore, Mr. Newton neither returned nor told the boys when they could leave. On the facts alleged, Mr. Newton simply disappeared after ordering the boys to stand naked in plain view of a number of their classmates.

Defendants have failed to present any specific legal authority which states that seizure under these conditions is reasonable as a matter of law. Defendants' Motion to Dismiss Count I is therefore denied.

### Count II: Fourteenth Amendment Right to Substantive Due Process

■ Plaintiffs claim that Daniel S.'s "right under the Fourteenth Amendment to be free of corporal punishment that is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning" (Compl.12, 13) was violated when he was forced to stand naked for sixteen minutes while Mr. Newton yelled at him. Defendants argue that this count should be dismissed on two grounds. First they argue that Fourteenth Amendment Substantive Due Process Analysis is barred when a constitutional claim is addressed by a separate constitutional provision. Alternatively, they argue that Count II fails since Mr. Newton's conduct did not "shock the conscience."

The United States Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *U.S. v. Lanier,* 520 U.S. 259, 272, 117 S.Ct. 1219, 1228, n. 7, 137 L.Ed.2d 432, (1997). As a result, "[s]ubstantive due process analysis is therefore inappropriate in this case only if [Plaintiffs'] claim is covered by the Fourth Amendment." *County of Sacramento v. Lewis,* 523 U.S. 833, 843, 118 S.Ct. 1708, 1715, 140 L.Ed.2d 1043 (1998).

In this case, Plaintiffs' Count II, based on the Fourteenth Amendment, is foreclosed since Plaintiff has successfully stated a claim based on the same conduct under the Fourth amendment. Whether or not Mr.

Newton's conduct "shocked the conscience" need not be addressed. Plaintiffs' Count II is dismissed pursuant to FED. R.CIV.P. 12(b)(6).

### Count IX: Family Educational Rights and Privacy Act ("FERPA")

 In their Count IX, Plaintiffs allege that Mr. Newton violated the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, when he spoke to his cross-country team about his decision to kick "two students" out of gym class. § 1232g(b)(1) states in relevant part that:

(1) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information . . .) of students without the written consent of their parents to any individual, agency, or organization . . .

Defendants argue that Count IX should be dismissed since Plaintiffs have failed to state a claim that Mr. Newton's disclosures to his cross-country team resulted from a "policy or practice" and that the information he allegedly disclosed "could be known by members of the school community through conversation and personal contact." [1]

 "FERPA was adopted to address systematic, not individual, violations of students' privacy by unauthorized releases of sensitive information in their educational records." *Jensen v. Reeves,* 45 F.Supp.2d 1265, 1276 (D.Utah 1999). Plaintiffs base their FERPA claim on Mr. Newton's comments to his cross-country team. Although Plaintiff alleges that there have been other complaints about Mr. Newton's comments (which they do not identify), Plaintiffs'

FERPA claim is indeed based solely on individual incidents involving one teacher. As such, Plaintiffs' Count IX fails to sufficiently allege a "policy or practice" permitting unauthorized disclosure.

 FERPA does not protect information which might appear in school records but would also be "known by members of the school community through conversation and personal contact." *Frasca v. Andrews,* 463 F.Supp. 1043, 1050 (E.D.N.Y.1979). "Congress could not have constitutionally prohibited comment on, or discussion of, facts about a student which were learned independently of his school records." *Id.* Here, the information Mr. Newton disclosed to his cross-country team did not derive from school records. Likewise, the fact that Mr. Newton had kicked Daniel S. out of his gym class would also be known by members of the school community (Plaintiffs, themselves, allege that two entire gym classes witnessed the incident). Lastly, Mr. Newton's subjective comparison of the students to some nationally recognized troubled youth, while unprofessional, is not prohibited under FERPA since it does not constitute dissemination of records or information contained therein.

Plaintiffs' Count IX is dismissed pursuant to FED.R.CIV.P. 12(b)(6).

### CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion in part and DENIES it in part. Plaintiffs' Counts II and IX are dismissed.

**IT IS SO ORDERED.**

---

1. FERPA does not create a private right of action. *See e.g., Rothman v. Emory University,* 828 F.Supp. 537, 542 (N.D.Ill.1993) (Moran, J.). Rather, Plaintiffs' Count IX is brought as a § 1983 claim.