█ In the Matter of PERRY BELLAMY, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [874 NYS2d 60]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 30, 2008, which, in a proceeding pursuant to the Freedom of Information Law (FOIL), insofar as appealed from, denied respondent Police Department's motion to vacate an order, same court and Justice, entered on or about November 27, 2007, directing respondent to produce certain documents without redaction, unanimously reversed, on the law, without costs, the motion granted, the November 27, 2007 order vacated,

and the matter remanded to Supreme Court for further consideration of the exemptions from disclosure claimed by respondent. Appeal from the order of November 27, 2007 unanimously dismissed, without costs, as academic in view of the foregoing.

On a prior appeal (272 AD2d 120 [2000], *overruled in part Matter of Rattley v New York City Police Dept.*, 96 NY2d 873 [2001]), we remanded this proceeding to Supreme Court with instructions to conduct an in camera review of a certain DD-5 that respondent was withholding and of unredacted versions of documents that respondent had released, or indicated it would release, in redacted form. On remand, respondent submitted to the court unredacted copies of the documents in question, indicating the redactions it had made, and an affidavit from a FOIL-unit officer stating that the withheld information could identify individuals who spoke to the police in connection with the murder of which petitioner had been convicted in 1986. In April 2002, Supreme Court, at petitioner's request, removed the proceeding from its calendar without prejudice, in order to allow the Queens County prosecutor to investigate petitioner's claim of innocence. By order dated November 17, 2007, Supreme Court, responding to an October 2007 letter from petitioner that had not been served on respondent, restored the proceeding to its calendar, conducted in camera review of the previously submitted documents, and directed disclosure of such documents without redaction, all without notice to respondent. Supreme Court stated that the information sought to be redacted was "very old," and therefore "probably" could no longer implicate the personal privacy, safety, and law enforcement concerns underlying the three statutory exemptions from FOIL's public disclosure mandate that respondent was claiming under Public Officers Law § 87 (2) (b), (e) (iv) and (f). Respondent moved to vacate this order pursuant to CPLR 2221. In the order entered April 30, 2008, the court stated that it was entertaining the CPLR 2221 motion because it had inadvertently failed to forward a copy of petitioner's letter to respondent, but that it was adhering to the November 27, 2007 order because respondent failed to adduce new evidence not previously known to the court or to show that the court had overlooked or misapprehended the facts or law. The latter order was properly appealed by respondent (*see Nedell v Sprigman*, 227 AD2d 163 [1996]).

The propriety of an exemption claimed under Public Officers Law § 87 (2) (b) (unwarranted invasion of personal privacy) requires a court to first determine whether privacy interests are

implicated by the type of information sought to be redacted (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 484-485 [2005]); if so, to determine whether release of the information sought to be redacted falls within one of the six examples of an "unwarranted" invasion of personal privacy set forth in Public Officers Law § 89 (2) (b); and, if not, to determine whether there is nevertheless any unwarranted invasion of privacy "by balancing the privacy interests at stake against the public interest in disclosure of the information" (*id.* at 485). The propriety of a FOIL exemption claimed under section 87 (2) (f) (endangering the life or safety of any person) requires a court to consider whether the information sought to be redacted "could, by its inherent nature, give rise to the implication that its release, in unredacted form, could endanger the life and safety of witnesses or have a chilling effect on future witness cooperation" (*Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 349 [1999]). The propriety of a FOIL exemption claimed under section 87 (e) (iv) (law enforcement investigative techniques or procedures of a nonroutine nature) may be indicated by "a substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by agency personnel" (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 572 [1979]).

While the age of information sought to be redacted can be relevant to these inquiries, age alone is not a sufficient basis for finding the above exemptions inapplicable. We note Supreme Court's statement that "despite the limited usefulness of [the redacted] information to the petitioner, he is, after 22 years still fighting for his freedom," and remind the court that "access to government records does not depend on the purpose for which the records are sought" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]). Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.