■ In the Matter of JOHN WHITFIELD, Appellant, v PATRICIA J. BAILEY, FOIL Officer of the New York County District Attorney's Office, Respondent. [914 NYS2d 58]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about September 15, 2009, which, upon reargument, granted the petition to compel respondent to disclose certain documents pursuant to the Freedom of Information Law (FOIL) to the extent of directing that respondent submit the available documents to the court for in camera inspection, and order, same court and Justice, entered on or about November 25, 2009, which, after an in camera review, directed respondent to provide those documents to petitioner in redacted form, unanimously affirmed, without costs.

In May 2008, petitioner, an inmate serving a 25 year to life sentence for second-degree murder (committed in 1988), made a FOIL request seeking the entire file related to Richard Doyle's 1989 arrest for petit larceny. Doyle, who was serving a 25 year sentence for manslaughter (committed in 1998), testified against petitioner at the trial that resulted in petitioner's murder conviction. After an in camera review of five documents related to Doyle's petit larceny conviction, the court directed that respondent redact the names, addresses and dates of birth of the civil witness and Doyle's codefendant, and Doyle's address and date of birth, "to protect these individuals' privacy and safety."

Petitioner's contention that the court erred in conducting an in camera hearing is unpreserved because he did not alert the court to his objection to the procedure. In any event, it is without merit, as is petitioner's contention that there was no basis to deny his FOIL request because Doyle pleaded guilty in open court and therefore the records connected to his subsequent incarceration are "public property."

Pursuant to FOIL, government records are presumptively available to the public unless they are statutorily exempted by Public Officers Law § 87 (2) (*Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]). When a document

subject to FOIL falls within an exemption, the agency "may be required to prepare a redacted version with the exempt material removed" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 464 [2007]; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294, 298 [1985]).

Pursuant to Public Officers Law § 87 (2), an "agency may deny access to records or portions thereof that . . . if disclosed[,] would constitute an unwarranted invasion of personal privacy" (subd [2] [b]) or "endanger the life or safety of any person" (subd [2] [f]). While these exemptions are to be narrowly interpreted to effectuate the purpose of FOIL (*Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 564 [1984]), respondent articulated a basis to deny disclosure and the court applied the correct procedure when it ordered an in camera inspection of the requested documents to determine which material could be appropriately disclosed (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996]; *Matter of Bellamy v New York City Police Dept.*, 59 AD3d 353 [2009]).

After conducting the in camera review, the court correctly ordered that certain pedigree information be redacted from the documents. Although respondent's assertions may have been insufficient to warrant the blanket denial of access to the requested records, there is a sufficient showing in the record that disclosure of the redacted personal information to petitioner, who has a history of violence, would pose the risk of harm covered by the claimed exemptions (*see Matter of Scott*, 65 NY2d at 298; *Matter of Edwards v New York State Police*, 44 AD3d 1216 [2007]; *Matter of Boddie v Goord*, 251 AD3d 799 [1998], *lv denied* 92 NY2d 810 [1998]). Concur—Tom, J.P., Andrias, Sweeny, DeGrasse and Román, JJ.