■ In the Matter of JOHN WHITFIELD, Appellant, v PATRICIA J. BAILEY, Individually and as FOIL Appeal Officer for the New York County District Attorney's Office, Respondent. [939 NYS2d 2]—

In the interest of justice, we nostra sponte grant petitioner leave to appeal from the aforesaid orders, which were "made in a proceeding against a body or officer pursuant to article 78" and therefore not appealable as of right (CPLR 5701 [b] [1]; *see Matter of Peckham v Calogero*, 54 AD3d 27, 30-31 [2008], *affd* 12 NY3d 424 [2009]).

Petitioner failed to show by clear and convincing evidence that respondent willfully and deliberately violated a "clear and unequivocal mandate" of the court (*see Collins v Telcoa Intl. Corp.*, 86 AD3d 549, 550 [2011]). The September 2009 order directed respondent to submit for in camera inspection "the documents sought in petitioner's [Freedom of Information Law (FOIL)] request"; contrary to petitioner's contention, it did not, by its terms, require that the entire case file on Doyle's 1989 conviction for petit larceny be submitted. In this regard, petitioner's FOIL request itself was somewhat equivocal; it sought both the entire file and only the specific records and documents it enumerated. Moreover, in addition to the documents, respondent submitted an affirmation by the assistant district attorney who retrieved the Doyle file, who certified that the documents constituted a complete copy of all documents in the possession of the District Attorney's Office that were responsive to petitioner's request.

Petitioner was not entitled to have the court issue the subpoenas he requested in his reply papers on the motion for contempt. Respondent had no opportunity to be heard on the matter (*see* CPLR 2307). In any event, petitioner failed to make the requisite showing "that the record requested actually contain[ed] the information that he . . . [sought] to obtain" and that the subpoena was not "part of a fishing expedition or to ascertain the existence of evidence" (*Bostic v State of New York*, 232 AD2d 837, 839-840 [1996], *lv denied* 89 NY2d 807 [1997]).

Respondent's initial denial of petitioner's FOIL request was not "so unreasonable" as to justify an award of costs to petitioner under section 89 (4) of the Public Officers Law (*see Matter of Maddux v New York State Police*, 64 AD3d 1069, 1070 [2009], *lv denied* 13 NY3d 712 [2009]; *see also Matter of Whitfield v Bailey*, 80 AD3d 417, 419 [2011]). Respondent relied not only on the regulations of the Department of Correctional Services, but also, reasonably, on Public Officers Law § 87 (2),

which authorizes an agency to deny access to records that, if disclosed, would constitute an "unwarranted invasion of personal privacy" (para [b]) or "endanger the life and safety of any person" (para [f]).

We have reviewed petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ.

Motion to dismiss appeal and cross motion for sanctions denied.