■ In the Matter of GLENN STORMAN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. In the Matter of

GLENN STORMAN, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [945 NYS2d 281]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 29, 2010, which, among other things, granted petitioner's motion to hold respondent Department of Education (DOE) in contempt for its alleged failure to comply with a judgment, same court and Justice, entered May 19, 2009 (May judgment), unanimously reversed, on the law, without costs, and the motion denied. Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered September 9, 2011, denying the petition to annul a determination of respondent DOE, dated October 29, 2010, which sustained petitioner's unsatisfactory rating for the 2007-2008 school year, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

In the interest of justice, we nostra sponte grant DOE leave to appeal from the contempt order of May 19, 2009, which was "made in a proceeding against a body or officer pursuant to article 78" and therefore was not appealable as of right (CPLR 5701 [b] [1]; *see Matter of Whitfield v Bailey*, 91 AD3d 491, 492 [2012]).

Supreme Court's direction in the May judgment to remand for "further proceedings" was not a "clear and unequivocal" mandate, and thus DOE should not have been held in contempt for allegedly disobeying it (*Hae Mook Chung v Maxam Props., LLC*, 52 AD3d 423 [2008]; *see also Richards v Estate of Kaskel*, 169 AD2d 111, 122 [1991], *lv dismissed in part and denied in part* 78 NY2d 1042 [1991]). Petitioner's remedy, if any, lies in seeking to clarify the May 19, 2009 order, which will allow the court to issue a clear and unequivocal mandate.

Petitioners's February 24, 2011 CPLR article 78 fares no better. Petitioner claims that his challenge to his unsatisfactory rating should have been transferred to this Court and reviewed under the "substantial evidence" standard. This is error as it "should not have been transferred because it did not seek review of a determination made 'as a result of a hearing held . . . pursuant to direction by law' " (*Batyreva v New York City Dept. of Educ.*, 50 AD3d 283, 283 [2008], quoting CPLR 7803 [4]). Additionally, the administrative hearing conducted by the Chancellor's Committee "was not determinative but merely advisory" to the Chancellor (*Matter of Bigler v Cornell Univ.*, 266 AD2d 92, 93 [1999], *lv dismissed* 95 NY2d 777 [2000]). Accordingly,

the "arbitrary and capricious" standard of judicial review applies, not the "substantial evidence" standard (*see Matter of Kaufman v Anker*, 42 NY2d 835, 836-837 [1977]).

Applying the proper standard, DOE's determination was not arbitrary and capricious, but was rationally based in the record, which included the investigator's report and the testimony of the investigator and principal at the administrative hearing (*see Matter of Murnane v Department of Educ. of the City of N.Y.*, 82 AD3d 576 [2011]; *Batyreva v New York City Dept. of Educ.*, 50 AD3d 283, 283 [2008]).

Petitioner's "stigma plus" due process claim is defeated by the availability of administrative review, as well as CPLR article 78 review (*see Kahn v New York City Dept. of Educ.*, 79 AD3d 521, 523 [2010], *affd* 18 NY3d 457 [2012]; *Pinder v City of New York*, 49 AD3d 280, 281 [2008]). Concur—Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 30 Misc 3d 1215(A), 2010 NY Slip Op 52366(U).]**