■ In the Matter of Diana Hrisinko, Appellant, v Board of Education of the City School District of the City of New York et al., Respondents. [955 NYS2d 579]—

The 2011 order is not appealable as of right, as it was "made in a proceeding against a body or officer pursuant to [CPLR]

article 78" (CPLR 5701 [b] [1]; *see Matter of Storman v New York City Dept. of Educ.*, 95 AD3d 776, 777 [1st Dept 2012], *appeal dismissed* 19 NY3d 1023 [2012]). We decline to grant petitioner leave to appeal from that order in the interest of justice.

Were we to review the 2011 order, we would find that the motion court providently exercised its discretion in holding that respondents should not be held in contempt (*see Storman*, 95 AD3d at 777; *Richards v Estate of Kaskel*, 169 AD2d 111, 122 [1st Dept 1991], *lv dismissed in part, denied in part* 78 NY2d 1042 [1991]). Although the prior order declared that petitioner had "been a tenured teacher of 'Commercial Art' " since September 2, 2005, it did not reference the "Commercial Art" position, or any other specific teaching assignment, in its mandate, instead directing only that petitioner be reinstated "to her position as a tenured teacher." "Any ambiguity in the court's mandate should be resolved in favor of the would-be contemnor" (*Kaskel*, 169 AD2d at 122). Accordingly, we find that, in reinstating petitioner to the position of tenured teacher and assigning her to serve as an absent teacher reserve, respondents did not violate any "clear and unequivocal" mandate (*Storman*, 95 AD3d at 777 [internal quotation marks omitted]; *see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]). Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.