Matter of Britt v City of New York (2018 NY Slip Op 02573)





Matter of Britt v City of New York


2018 NY Slip Op 02573


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6292 105655/11

[*1]In re Keenan C. Britt, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Glass Krakower LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Devin Slack of counsel), for respondents.



Order and judgment (one paper) Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered June 21, 2016, which denied petitioner's motion to hold respondents in contempt and/or for clarification of an earlier judgment, same court and Justice, dated April 10, 2014, denied the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In the interest of justice, and on our own motion, we grant petitioner leave to appeal from the judgment denying his motion to hold respondents in contempt of the judgment of April 2014, which was "made in a proceeding against a body or officer pursuant to article 78" and therefore was not appealable as of right (CPLR 5701(b)(1); Matter of Storman v New York City Dept. of Educ., 95 AD3d 776, 777 [1st Dept 2012], appeal dismissed 19 NY3d 1023 [2012]). Upon review of the merits, however, we find that the IAS court was well within its discretion to deny petitioner's contempt motion. Respondents did not violate any "clearly express[ed]" or "unequivocal" mandate of the IAS court (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]). Specifically, the April 2014 judgment directed respondents to reinstate petitioner to his "permanent civil service title of computer aide" and to pay him back pay, interest, and other benefits lost. Respondents did just that by reinstating petitioner to his prior permanent position of computer aide and paying him $123,063.16 in back pay and $23,258.94 in interest — arguably more than he was entitled to receive. The judgment did not specifically direct respondents to reinstate petitioner to a Computer Aide, Level II position, and the IAS court confirmed that its intent was for respondents to restore petitioner to the position of a computer aide, Level I. Respondents, thus, did not run afoul of any clear or unequivocal mandate.
Nor is there any merit to petitioner's contention that a hearing was necessary to resolve the contempt motion. While petitioner maintains that there remains a triable issue of fact as to whether he previously held the permanent position of a computer aide Level I or II, his argument really goes to the merits of the court's directives in the April 2014 judgment — which were themselves made after an evidentiary hearing — as opposed to whether respondents complied with them. The purpose of a civil contempt motion is to compel compliance with a prior court order, not to challenge whether that order was proper in the first place. Neither petitioner nor respondents appealed from the April 2014 judgment, and petitioner cannot now use his contempt motion as a vehicle to collaterally attack it.
Further, while petitioner argues that the court erred in denying the motion for clarification, the court did, in fact, clarify the April 2014 judgment. In denying the contempt motion, the IAS court confirmed that it never intended to compel respondents to reinstate [*2]petitioner to the higher, Level II computer aide position.
We have considered petitioner's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK