**[J-75-2019][M.O. - Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| EASTON AREA SCHOOL DISTRICT, | : | No. 13 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1897 CD |
| | : | 2017 dated 7/20/18 affirming the order |
| v. | : | of the Northampton County Court of |
| | : | Common Pleas, Civil Division, at No. C- |
| | : | 0048-CV-2017-5558 dated 12/1/17, |
| RUDY MILLER AND THE EXPRESS | : | exited 12/5/17 |
| TIMES, | : | |
| | : | |
| Appellees | : | ARGUED:  September 12, 2019 |

**CONCURRING AND DISSENTING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  June 18, 2020**

As the majority observes, the District has maintained from the outset that, if it were to release the requested video, it would risk the loss of funding under the federal Family Educational Rights and Privacy Act ("FERPA").  *See* Majority Opinion, *slip op.* at 12.  In particular, and as the majority develops, under Section 67.708(b)(1)(i) of the Right to Know Law (the "RTKL"), *see* 65 P.S. §67.708(b)(1)(i), to show such a loss could occur the District would have to demonstrate that releasing the video would implicate certain aspects of FERPA relating to educational agencies which have a "policy or practice" of releasing education records without the consent of the student's parents.  *See* Majority Opinion, *slip op.* at 15 (quoting 20 U.S.C. §1232g(b)(1), (b)(2)(A)-(B)).  Although the majority ultimately determines that the video is, in fact, an education record, *see id.* at 22, it finds that the District has failed to establish the policy-or-practice

prerequisite. In this respect, the majority notes that such phraseology "denotes repeated or systematic violations of student privacy, as opposed to singular or exceptional instances." *Id.* at 17.

I have misgivings about this reasoning. It is true that courts have found an absence of a policy or practice based on an isolated incident. *See, e.g.*, *Daniel S. v. Bd. of Educ. of York Cmty. High Sch.*, 152 F. Supp. 2d 949, 954 (N.D. Ill. 2001) (finding that a physical education teacher's disclosure to his cross-country team that he had dismissed two students from his gym class was an isolated incident "involving one teacher," rather than a systematic practice); *Jensen v. Reeves*, 45 F. Supp. 2d 1265, 1276 (D. Utah 1999) (same with regard to a principal's one-time disclosure to several parents of information regarding a student who had been accused of harassing their children), *aff'd*, 3 Fed. Appx 905, 910 (10th Cir. 2001); *cf. Weixel v. N.Y. City Bd. of Educ.*, 287 F.3d 138, 151 (2d Cir. 2002) (same, where a school employee contacted a student's doctor, home instructor, and lawyer to provide inaccurate and defamatory information about the student). In my view, however, this type of analysis should not be applied to an assessment of how a school district responds to an RTKL request for records, particularly where there is no indication the response is atypical.

As illustrated by the present matter, third parties sometimes request education records without first obtaining the consent of the student's parents. It seems, under the majority's reasoning, that an agency handling such records can never refuse a single request along these lines on the basis that disclosure would place it at risk of losing funds on account of a policy or practice – precisely because it was only a single request. Put differently, the requester can always claim that it is only forwarding a single records request, and hence, the District cannot show that any refusal is based on a legitimate concern for being found to have a policy of practice of unconsented-to

disclosures. On the other hand, even one instance in which the agency accedes to a records request without parental consent (and without a court directive) would comprise evidence of a policy or practice along those lines, as no other basis for the release would be apparent. Accordingly, I would find that, in order to give meaning to the exemption appearing at Section 67.708(b)(1)(i) of the RTKL, *see generally* 1 Pa.C.S. §1922(2) (reflecting a presumption that the General Assembly intends for every aspect of a statute to have some effect), a school district can validly claim – as the District here has done – that the record is exempt under that provision.

Finally, although redactions along the lines of those required by the majority may be salutary, no issue concerning these types of changes is presently before this Court. The only issue accepted for review is whether the unredacted video is exempt from disclosure pursuant to FERPA. *See Easton Area Sch. Dist. v. Miller*, ___ Pa. ___, ___, 201 A.3d 721, 721-22 (Pa. 2019) (*per curiam*) (granting limited review). As I would find that it is, I would reverse the order of the Commonwealth Court.

In sum, then, I agree with the majority's determination that the video is an education record, but I respectfully dissent from its decision to affirm the intermediate court's order with instructions.


Justice Mundy joins this concurring and dissenting opinion.