Matter of Willoughby Operating Co., LLC v New York City Economic Dev. Corp. (2020 NY Slip Op 07734)





Matter of Willoughby Operating Co., LLC v New York City Economic Dev. Corp.


2020 NY Slip Op 07734


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 155265/19 Appeal No. 12721 Case No. 2020-01704 

[*1]In re Willoughby Operating Company, LLC, et al., Petitioners-Appellants,
v
New York City Economic Development Corporation, et al., Respondents-Respondents.


Emery Celli Brinckerhoff Abady Ward & Maazel, New York (Andrew G. Celli, Jr. of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for New York City Economic Development Corporation, City of New York, New York City Department of Housing Preservation and Development, respondents.
Cullen and Dykman LLP, New York (Richard A. Coppola of counsel), for Downtown Brooklyn Partnership, respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered November 19, 2019, denying the petition seeking, inter alia, to annul respondent New York City Development Corporation's (EDC) written determination, dated January 30, 2019, to discontinue discussions with petitioners on closing on a long-term lease, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This matter arises from a pre-lease agreement between EDC and petitioners, which contemplated, inter alia, petitioners' construction of an underground garage facility at Willoughby Square, in Brooklyn. On December 10, 2018, after several years of abortive efforts to move towards closing on a long-term lease, EDC sent a letter stating that it would close on the lease on January 21, 2019, if petitioners resolved certain issues with respondent Downtown Brooklyn Partnership (DBP), secured a binding financing commitment from petitioners' prospective lender, and coordinated site work with a property owner then constructing an adjoining 34-story mixed-use development.
The record shows that petitioners never timely reached any binding agreement with DBP. DBP's president never signed the memorandum of understanding (MOU) that was circulated as ready for signature, and DBP's counsel revised that MOU after it was circulated. In any event, EDC's December 10 letter stipulated that a closing would have to occur by January 21, 2019, but the allegedly final draft MOU was first circulated on January 22 and petitioners' principal did not even sign it until January 23. Accordingly, EDC rationally determined that petitioners did not fulfill the express condition precedent to closing of timely reaching agreement with DBP (see Matter of Kaufman v Anker, 42 NY2d 835 [1977]; Matter of Storman v New York City Dept. of Educ., 95 AD3d 776, 778 [1st Dept 2012], appeal dismissed 19 NY3d 1023 [2012]).
Petitioners also never secured a binding financing commitment for the project. Among other impediments, on January 18, 2019, the prospective lender was still seeking assurances on complex items such as ensuring that an underlying special permit be extended beyond its expiration date of January 27, 2019, date. As of January 24, 2019, petitioners' principal was likewise still seeking assurances from EDC on the special permit. Petitioners' failure to meet the bond-posting requirements of Lien Law § 5 stands as a further, independent impediment to the closing, and another rational basis for EDC to discontinue discussions.
As the record shows that EDC's decision to discontinue discussions with petitioners was not arbitrary or capricious, there is no basis for the limited discovery sought by petitioners.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020